UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JERALD PAUL,

      Plaintiff,

v.                                                          CASE NO: 1:15-cv-22846-MGC

OCWEN LOAN SERVICING, LLC,

      Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, OCWEN LOAN SERVICING, LLC ("Ocwen" or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint (the "Complaint") [D.E. 1] of Plaintiff JERALD PAUL ("Plaintiff") and in response thereto states as follows:

### INTRODUCTION

1. Defendant admits that paragraph 1 of Plaintiff's Complaint alleges a claim for purported violations of a certain federal statutes (which Defendant denies), and otherwise denies the allegations contained in paragraph 1 of the Complaint.

2. Defendant denies the allegations in paragraph 2 of the Complaint.

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA") speaks for itself and Defendant refers to the TCPA in response to any allegation concerning the contents thereof.

### JURISDICTION

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that

jurisdiction is proper in this Court.

5. The allegations contained in paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this Court.

## PARTIES

6. In response to paragraph 6, Defendant states that it is a Delaware limited liability company with a principal place of business in, and registered to do business in, the State of Florida. Defendant otherwise denies the allegations contained in paragraph 6 of the Complaint.

7. The allegations contained in paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

## BACKGROUND AND GENERAL ALLEGATIONS

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

GREENBERG TRAURIG, P.A. ■ 777 S. FLAGLER DRIVE, SUITE 300 EAST ■ WEST PALM BEACH, FLORIDA 33401
■ Tel 561.650.7900 ■ Fax 561.838.8821 ■ www.gtlaw.com
WPB 383545239v2

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. The allegations contained in Paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

## COUNT I
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

18. Defendant repeats and realleges its responses to paragraphs 1-17 of the Complaint.

19. The allegations contained in paragraph 19 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. The allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the TCPA speaks for itself and Defendant refers to the TCPA in response to any allegation concerning the contents thereof.

21. The allegations contained in paragraph 21 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. The allegations contained in paragraph 23 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. The allegations contained in paragraph 24 of the Complaint are legal conclusions

to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant avers that the TCPA speaks for itself, refers to the TCPA in response to any allegation concerning the contents thereof, and otherwise denies the allegations in paragraph 26 of the Complaint.

27. The allegations contained in paragraph 27 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. The allegations contained in paragraph 28 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. The allegations contained in paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. The allegations contained in paragraph 31 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. All allegations of the Complaint not specifically admitted above, are denied by

Defendant.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff would be unjustly enriched if he was to be granted the relief sought in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Defendant has the prior express consent to place calls to the telephone number allegedly used by Plaintiff; and that consent was never effectively withdrawn, or was subsequently given again if withdrawn at any time.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.  Plaintiff's claims arise from his mother's breach of a mortgage loan contract.  Plaintiff also alleges to have received communications directly from Defendant without informing Defendant of any purported revocation of consent.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery as he failed to mitigate or otherwise offset his damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing and is barred from any recovery because he has not suffered any damages or injuries.

## SEVENTH AFFIRMATIVE DEFENSE

If any violations of federal and/or Florida law occurred, which Defendant denies, it was

not intentional but instead resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot maintain a claim under either FDCPA or FCCPA for communications that were not made for the purpose of the collection of a debt but to protect its security interest.

## NINTH AFFIRMATIVE DEFENSE

Defendant is not a "debt collector" nor engaged in "collecting consumer debt," as those terms are used in federal statutes.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's mother continues to be responsible for the underlying debt, Defendant is entitled to an offset of those amounts against any recovery awarded in this action.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant is not liable or otherwise responsible for damages caused to the Plaintiff, if any, as same were the result of the actions of a third party over which Defendant exercised no control.

**WHEREFORE**, Defendant, OCWEN LOAN SERVICING, LLC, requests this Honorable Court enter a Final Judgment in favor of Defendant, dismissing the Complaint in its entirety and with prejudice for the reasons asserted herein; and awarding such other and further relief as this Court deems just and proper, including but not limited to Defendant's reasonable attorneys' fees and costs incurred in this action. Defendant expressly reserves the right to amend its Answer and Affirmative Defendants, and to assert additional defenses, based on information or knowledge obtained throughout the course of litigation, or for any other reason.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
777 South Flagler Drive, Suite 300E
West Palm Beach, Florida 33401
Tel.: (561) 650-7900
Fax: (561) 838-8821

By: */s/ Matthew M. Spritz*
    David O. Batista, Esq.
    Florida Bar No. 0175803
    Email: batistad@gtlaw.com
           amore@gtlaw.com
           flservice@gtlaw.com
    Matthew M. Spritz, Esq.
    Florida Bar No. 0099179
    Email: spritzm@gtlaw.com
           krugerl@gtlaw.com
           flservice@gtlaw.com

*Counsel for Defendant*
*Ocwen Loan Servicing, LLC*

## **CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed electronically on September 28, 2015, through the Court's CM/ECF system, which will, in turn, send a notice of electronic filing to:

**Steven Zakharyayev, Esq.**
**Yechezkel Rodal, Esq.**
Loan Lawyers, LLC
2150 S. Andrews Ave., 2nd floor
Fort Lauderdale, Florida 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
Email: steven@floridaloanlawyers.com
Email: chezky@floridaloanlawyers.com

*Attorneys for Plaintiff*

                                                                        *s/Matthew M. Spritz*