UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JERALD PAUL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:15-cv-22846-MGC |
| OCWEN LOAN SERVICING, LLC, | ) |
| Defendant | ) |

## DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO STAY

Defendant, OCWEN LOAN SERVICING, LLC ("Ocwen" or "Defendant"), by and through its undersigned counsel, hereby moves to stay the above-captioned case pending the Supreme Court's forthcoming decision in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).

## INTRODUCTION

Plaintiff Jerald Paul ("Plaintiff") alleges that Ocwen used an automated telephone dialing system and/or an artificial or pre-recorded voice system to place certain telephone calls to Plaintiff's cellular telephone without Plaintiff's consent. Plaintiff, however, unambiguously confirmed in his verified Responses to Ocwen's Interrogatories, served on December 11, 2015, that he seeks only statutory damages and has not incurred an actual, concrete injury in fact. *See* Paul's Resp. to Interrog. 13, attached as Exhibit A. Despite the lack of any injury-in-fact, Plaintiff seeks statutory damages under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), for each of the telephone calls allegedly made by Ocwen.

Plaintiff's standing under Article III of the Constitution to pursue such claims will be determined by a case pending before the United States Supreme Court. The Supreme Court granted review in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), to resolve a conflict among the

1

Circuit Courts regarding "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Pet. for Writ of *Certiorari*, at i, *Spokeo, Inc. v. Robins*, No. 13-1339, 2014 WL 1802228 (U.S. May 1, 2014) (attached as Exhibit B). Although *Spokeo* involves an alleged violation of the Fair Credit Reporting Act, the outcome in *Spokeo* will clarify whether this Court lacks subject-matter jurisdiction over bare statutory violations when, as here, Plaintiff does not claim to have suffered any concrete harm. Many courts, including this Court, have already determined that the *Spokeo* decision could be dispositive of pending TCPA actions and granted stays on this ground.

Because the outcome in *Spokeo* will substantially affect (or outright dispose of) Plaintiff's claims, Ocwen respectfully submits that this case be stayed until the Supreme Court issues its decision.

## ARGUMENT

A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This discretion is "incident to [a district court's] power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In determining whether a stay is appropriate, courts examine several common factors: (1) the length of the stay requested; (2) the hardship on the moving party if the stay were not granted; (3) the injury the stay would cause to the non-moving

2

party; and (4) whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy. *See, e.g.*, *Boise v. ACE USA, Inc.*, No. 15-21264, 2015 WL 4077433 (S.D. Fla. July 6, 2015) (J. Cooke); *Lincoln Mem'l Univ. Duncan Sch. of Law v. Am. Bar Ass'n*, No. 3:11-CV-608, 2012 WL 1108125, at *10 (E.D. Tenn. Apr. 2, 2012); *Duchene v. Westlake Service, LLC*, No. 13-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015); *Eric B. Fromer Chiropractic, Inc. v. New York Life Insur. and Annuity Corp.*, No. 15-04767, 2015 WL 6579779 (C.D. Cal. Oct. 19, 2015); *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012).

The Supreme Court's agreement to hear *Spokeo* on the merits warrants the exercise of such discretion in this case. As the petition in *Spokeo* explains, the lower courts are divided over "whether a statutory violation, unaccompanied by any concrete injury, is sufficient to establish Article III standing." Ex. B at 9–12. This issue has tremendous importance in the context of cases like the one at hand, in which the confluence of a no-injury theory of standing and statutory damages can result in enormous potential liability, even though Plaintiff has unambiguously admitted that he suffered no concrete injury. *Id.* at 14. While *Spokeo* is a putative class action alleging violations of the Fair Credit Reporting Act, the petition also explains that the question presented implicates claims brought under a wide range of federal statutes, including the TCPA. *Id.* at 16–19.

If the Supreme Court resolves the pending question in favor of *Spokeo*, it will be completely dispositive of the standing issue presented in this matter given Plaintiff's admission of no concrete harm. And, if the Supreme Court were to resolve the issue against Spokeo, that would undoubtedly streamline this litigation by making it unnecessary for the parties to brief and this Court to address Article III standing and enable the parties and the Court to instead focus

exclusively on the remaining issues in the case. Either way, judicial economy will be served by briefly holding this case in abeyance pending the Supreme Court's decision.

It is well established that subject matter jurisdiction – which as this Court properly pointed out in *Boise* is the core issue in *Spokeo* – may be challenged at any time, even for the first time on appeal. 2015 WL 4077433. If the Supreme Court should determine that the *Spokeo* plaintiff lacks subject matter jurisdiction, then all of the motions, discovery, hearings, and ultimately trial in this case will be rendered unnecessary and a waste of both judicial resources and the resources of the respective parties. Because subject matter jurisdiction is ultimately at issue, there is no need in this case for a pending motion to dismiss for lack of standing or subject matter jurisdiction to readily see the propriety of imposing a stay until *Spokeo* is decided.

Simply stated, the Supreme Court's decision in *Spokeo* will likely be dispositive of this case. Staying the action now will preserve the parties' and the Court's resources by avoiding briefing and trial on issues that the Supreme Court is certain to resolve – one way or the other. As aptly explained by this Court in granting a similar request to stay a TCPA case pending the *Spokeo* decision, that decision "may conclusively determine whether this Court has the subject matter jurisdiction to hear Plaintiff's claims at all. Therefore, the significant time, expense, and resources required to litigate this case on the merits will be for naught if the Supreme Court rules" that a plaintiff alleging no actual harm lacks Article III standing. *Boise,* 2015 WL 4077433 at *5 (J. Cooke); *see also Lopez v. Miami-Dade Cnty.,* No. 15-Civ-22943, 2015 U.S. Dist. LEXIS 155987 (S.D. Fla. Nov. 6, 2015) (J. Cooke) (granting stay of TCPA action and explaining that *Spokeo* "may conclusively determine whether this Court has subject matter jurisdiction over Plaintiff's claims.").

4

Indeed, a stay is particularly compelling in this case given that Plaintiff does not dispute that he seeks only statutory damages.  Importantly, this is not a situation where the defendant is seeking a stay based upon insufficient or opaque allegations of injury in the pleadings.  On the contrary, Plaintiff has unambiguously admitted in his verified Interrogatory Responses, served on December 11, 2015, that he suffered no injury-in-fact as a result of Ocwen's alleged conduct, claiming only that "Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B)." Ex. A, Paul's Resp. to Interrog. 13.  Plaintiff further admits that as a result of a flat-rate cellular pay plan, "[n]o additional charges were incurred as a result of the calls."  Ex. A, Paul's Resp. to Interrog. 9.  In light of these admissions, no matter the outcome in *Spokeo,* the decision will streamline this litigation by obviating the need for briefing on standing issues, and a ruling by the Supreme Court in favor of Spokeo will be completely dispositive of Plaintiff's claims.

Moreover, the procedural posture of this case weighs strongly in favor of a stay now before the parties incur additional fees and costs.  This action is in its infancy, with the trial currently scheduled in June of 2016 (ECF No. 14.)  As such, a stay now – before the parties have incurred significant expenses for depositions, mediation, and dispositive motions – would benefit the parties and the Court by preserving time and resources that may be entirely mooted, or at a minimum significantly guided by, the Supreme Court's decision.

Further, the Supreme Court heard oral arguments in *Spokeo* on November 2, 2015, and a decision is required no later than July 2016 when the Supreme Court's term expires – just one month after the currently-scheduled trial in this case.  Accordingly, the short delay of approximately seven (7) months at the early stages of this proceeding is far outweighed by the

5

burdens imposed on the Court and significant costs to be incurred by the parties in conducting depositions, mediation, briefing dispositive motions, and ultimately preparing for and conducting a trial on this action, only to have the Supreme Court later clarify that the fundamental element of subject matter jurisdiction was lacking.  And, as in *Boise*, Plaintiff cannot genuinely claim prejudice from such a short delay; on the contrary, "both parties could be harmed by the burden of potentially superfluous litigation." 2015 WL 4077433 at *5.

In fact, in light of Plaintiff's admission in verified interrogatories that he suffered no injury-in-fact, a failure to stay the proceedings would be unduly prejudicial for Ocwen; it would be forced to undergo costly and potentially unnecessary discovery and motion practice for claims that Plaintiff admits may be completely disposed of by the *Spokeo* decision.  *See* Ex. A, Paul's Resp. to Interrog. 9, 13.  Finally, the public interest will be promoted by the preservation of judicial economy and efficiency.  Judicial economy would best be served by holding this case in abeyance pending the Supreme Court's decision in *Spokeo,* as that decision will either completely dispose or, at a minimum guide and thereby streamline, these proceedings.  *See Lopez*, 2015 U.S. Dist. LEXIS 155987.

For these reasons, courts across the country, including this Court, have granted stays under precisely the circumstances presented here.  *See, e.g.*, *Lopez*, 2015 U.S. Dist. LEXIS 155987 (J. Cooke) (granting stay because a "decision in *Spokeo* may conclusively determine whether this Court has subject matter jurisdiction over Plaintiff's claims."); *see also Boise,* 2015 WL 4077433 at *5 (J. Cooke) (granting stay because *Spokeo* decision "may conclusively determine whether this Court has the subject matter jurisdiction to hear Plaintiff's claims at all."); *Tel. Sci. Corp. v. Hilton Grand Vacations Co., LLC*, No. 6:15-cv-969-Orl-41DAB, 2015 U.S. Dist. LEXIS 159479 at *6 (M.D. Fla. Nov. 20, 2015) (J. Mendoza) (granting stay and

concluding that "there is little advantage to proceeding with discovery and motions practice where the viability of much of the claims is to be shortly ascertained, especially considering that those claims will be the topic of such discovery and motions practice."); *Mackiewicz v. Nationstar Mortgage LLC*, No. 6:15-cv-465-Orl-18GJK (M.D. Fla. November 10, 2015) (J. Sharp) (granting stay in light of *Spokeo* because the plaintiff conceded that *Spokeo* addressed a core issue involved in her complaint, *i.e.* whether Article III standing may be conferred on a plaintiff who suffered no actual harm); *Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2015 WL 6159942, at *1 (N.D. Cal. June 22, 2015) (same); *Duchene,* 2015 WL 5947669, at *1 (same); *Eric B. Fromer Chiropractic, Inc.,* 2015 WL 6579779, at *2 (same).

## CONCLUSION

WHEREFORE, Defendant OCWEN LOAN SERVICING, LLC respectfully requests that the Court grant its motion and enter an order staying this case pending the Supreme Court's resolution of *Spokeo*.

## LOCAL RULE 7.1(a)(1)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(1)(3), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues and counsel for Plaintiff indicated that they oppose the requested relief.

Dated: December 16, 2015                              Respectfully submitted,

/s/  Abigail M. Lyle
Abigail M. Lyle
Florida Bar No. 41384
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131

7

Telephone: (305) 810-2500
Facsimile: (305) 810-1610
Email: alyle@hunton.com

*Counsel for Defendant Ocwen Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 16th day of December, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/  Abigail M. Lyle
Abigail M. Lyle

53269.000868 EMF_US 58592742v4